

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANACT, INC. | MISCELLANEOUS ACTION |
| v. | No. 18-214 |
| US PIPELINING, LLC, et al. | |

FILED
DEC 30 2019
KATE BARKMAN, Clerk
By_____Dep. Clerk

**MEMORANDUM**

**Juan R. Sánchez, C.J.**            **December 30, 2019**

This case arises out of Plaintiff Sanact, Inc.'s attempt to enforce foreign judgments against Defendant US Pipelining, LLC by garnishing the accounts payable to US Pipelining held by Garnishee PSI Pumping Solutions Inc. In the garnishment procedure, PSI admitted in interrogatories that PSI owed US Pipelining over $500,000 for a project US Pipelining completed for PSI. This Court then entered judgment against PSI thus allowing Sanact to garnish upon PSI's accounts payable to US Pipelining. PSI then filed the instant motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Because PSI has not established a basis for granting relief from judgment, the Court will deny PSI's motion.

**BACKGROUND**

On December 12, 2018, Sanact registered three judgments from the District of Hawaii in this Court, each ruling in favor of Sanact and against US Pipelining. The three judgments included a $123,203.16 verdict issued by bench trial, prejudgment interest, postjudgment interest, judgment for costs, and judgment for attorneys' fees and expenses. Sanact's judgment against US Pipelining totaled $199,633.82. US Pipelining, however, did not pay the judgments. Sanact then proceeded to seek garnishment against US Pipelining's debtors.

Once Sanact registered the judgments in this Court, it sought judgment against Santander Bank and PSI by garnishment. Sanact filed praecipes for writs of execution against Santander, and

after Santander answered interrogatories stating it held $623.30 of US Pipelining's funds in accounts, Sanact filed a praecipe to enter judgment against Santander, as garnishee, for that amount. On August 8, 2019, the Clerk of Court entered judgment against Santander, as garnishee, for $623.30. After this judgment was entered, the amount of Sanact's remaining judgments was $199,010.52.

Sanact filed a praecipe for a writ of execution against PSI on July 30, 2019, and the writ was issued the same day. The United States Marshals served PSI with the writ of execution on August 20, 2019. The writ of execution stated Sanact sought to satisfy a judgment against US Pipelining by garnishment of PSI and directed the United States Marshals to "attach the property of [US Pipelining] not levied upon in the possession of PSI." *See* Writ of Execution 2, July 30, 2019, ECF No. 9. The writ also described the property as "accounts payable to US Pipelining LLC" and ordered the Marshals to "notify the garnishee that (a) an attachment has been issued; [and] (b) the garnishee is enjoined from paying any debt to or for the account of the defendant and from delivering any property of the defendant or otherwise disposing thereof." *Id.*

In addition to the writ, the Marshals served PSI with a "writ of execution notice." This notice explicitly stated:

> [T]here is a judgment against you. It may cause your property to be held or taken to pay the judgment. You may have legal rights to prevent your property from being taken. A lawyer can advise you more specifically of those rights. If you wish to exercise your rights, you must act promptly.

*Id.* at 3. The notice also gave information regarding exemptions to judgment and how to present any exemption to the Court. At the bottom of the notice, in all capitalized letters and bold font, it stated, "YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP." *Id.*

2

Sanact also served PSI with "Interrogatories to Garnishee." The document stated PSI was required to file answers to the interrogatories or judgment would be issued against it. The interrogatories asked PSI if it owed money to US Pipelining or if it had in its possession any property of US Pipelining.

On September 5, 2019, after being served with the writ of execution, the writ of execution notice, and the interrogatories, PSI filed its responses to the interrogatories in this Court. The filing included not only PSI's responses to interrogatories, but also attached the documents that were served upon PSI. The interrogatories were answered and signed by Matthew Aiello, the project manager of PSI. Aiello sent these answers to Michael Aiello, the Vice President and CEO of PSI, the attorney of record for Sanact, Nathan Berry, and Jeremy Bowman for US Pipelining. PSI admitted in its interrogatories that it owed US Pipelining $522,791.00, although after this statement PSI stated US Pipelining owed other contractors and suppliers certain amounts. PSI also stated US Pipelining still had equipment at the jobsite which was in PSI's possession.

After PSI filed its responses and notified Sanact and the Clerk of Court that it owed US Pipelining money, Sanact filed a praecipe to enter judgment against PSI for a total of $197,133.82. Due to a miscalculation in the Clerk's office, the Clerk of Court believed the judgment Sanact sought was more than the judgment amounts registered in the Court.[1] The Clerk of Court then referred the praecipe to enter judgment to this Court to determine the discrepancy between the judgment amounts registered and the judgment amount Sanact requested to be entered.

---

[1] The Clerk's office did not account for the prejudgment and postjudgment interest listed in the registered judgments and believed the total amount of the judgments was $163,463.26. Sanact's request for $197,133.82 was thus more than what the Clerk's office believed to be registered and therefore could not be executed by the Clerk.

3

The Court determined the remaining amount of judgments registered totaled $199,633.82—*more* than the amount Sanact requested and an amount that the Clerk was permitted to enter judgment. The Court nonetheless held a telephone conference on September 18, 2019, to determine the discrepancy in the judgment amounts. Because the case was referred to this Court merely to address the discrepancies, the Court did not intend to hear any argument on any issues but sought only to ensure the judgment amount to be entered was accurate. On the call, Sanact was represented by counsel; however, PSI was represented by Michael and Matthew Aiello. The Court informed the parties of its intent to only proceed if PSI was represented by counsel, but the parties agreed to proceed even though PSI was without representation.

During the call, Sanact stated US Pipelining had satisfied a portion of the judgment on its own, in the amount of $2,500. Due to US Pipelining's satisfaction, the judgment Sanact requested was an accurate amount registered with the Court—$197,133.82. Once the judgment amount was clarified, the Court did not hear any legal arguments and informed the parties of its intent to enter judgment for the correct amount. On September 19, 2019, the Court entered judgment against PSI, as garnishee, for the amount of $197,133.82 of PSI's accounts payable to US Pipelining.

On September 30, 3019, PSI, now represented by counsel, moved for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b). PSI's motion is based on its contention that it does not owe US Pipelining any money because PSI instead owes money to Manufactured Technologies Corporation (MTC) as part of a "Joint Check Agreement" for the project US Pipelining was contracted to complete for PSI. The Court heard oral argument on the motion on October 24, 2019. All parties appeared including counsel for MTC, who alleged it might seek to intervene in the action to protect its interests in the Joint Check Agreement. After hearing

oral argument, the Court invited the parties to submit additional briefing on the issues. The parties submitted their briefs, and the motion is now ripe for review.

**DISCUSSION**

In its motion, PSI asserts two arguments for relief from judgment pursuant to Rule 60(b). First, PSI argues the judgment is void under Rule 60(b)(4) because it was not given an opportunity to be heard prior to the entry of judgment. Second, PSI asserts it is entitled to relief from judgment under Rule 60(b)(1) because it improperly filed answers to Sanact's Interrogatories without representation by counsel.[2] The Court will address each argument in turn.

Pursuant to Federal Rule of Civil Procedure 60(b)(4), a court may relieve a party from judgment if the judgment is void. "A void judgment is a legal nullity." *See U.S. Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). To be void, a judgment must be "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *Id.* Such an infirmity includes when the judgment is premised on jurisdictional error or a due process violation depriving a party of notice and opportunity to be heard. *See id.* at 271 (citing *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990)). In this case, PSI argues the judgment is void because it was not provided with notice or opportunity to be heard. The Court disagrees.

Due process requires notice to be "reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections." *See id.* at 272 (citing *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Notably, due process does not require actual notice, but where a party receives actual notice, such notice is sufficient to satisfy the party's due process rights. *See id.*

---

[2] In a footnote, PSI also argues it is alternatively entitled to relief under Rule 60(b)(6), the catch-all provision granting relief from judgment for "any other reason that justifies relief. *See* Mot. for Relief from J. 10.

5

PSI received notice of the judgment. The writ of execution, the notice, and the interrogatories provided PSI with *actual notice* that a judgment would potentially be entered against it. *See* Writ of Execution Notice, ECF No. 9 ("This paper is a Writ of Execution. It has been issued because there is a judgment against you. . . . If you wish to exercise your [legal] rights, you must act promptly."). Although PSI has argued there is no record in the docket of Sanact serving the writ and other documents on PSI, the record shows PSI in fact received them. *See* Sanact Resp. in Opp'n Ex. 2, ECF No. 23-2 (executed Form USM-285). Also, when PSI filed its answers to interrogatories, it attached the writ, the notice, and the interrogatories. *See* Ans. to Interrogs, ECF No. 14–15. These documents, which PSI actually received, satisfied PSI's right to notice and establish that PSI waived any argument for defective service of process. *See Espinosa*, 559 U.S. at 272 (stating receipt of actual notice "more than satisfied" movant's due process rights); *In re Allen*, 228 B.R. 115, 123–24 (Bankr. W.D. Pa. 1998) (stating movant waived objection to the service of writ of execution because it was raised after answering interrogatories).

Upon receipt of the writ and other documents, PSI was provided information regarding the potential judgment and how to present any exemptions or rights in defense. The notice also informed PSI that it should contact its lawyer "at once" and provided contact information for a lawyer referral service. Writ of Execution Notice, ECF No. 9. PSI was notified of the potential entry of judgment, the need to contact its lawyer, and the urgency of protecting its rights. The first line of the interrogatories stated PSI was required to respond within twenty days of receipt.

This 20-day period was an *opportunity* for PSI to contact its attorney, and assert its rights and defenses to the judgment or deny liability to US Pipelining. Despite this, PSI did not contact its attorney or assert any exemptions or rights. Instead, PSI answered the interrogatories admitting liability to US Pipelining, and filed them with the Court. PSI's choice to ignore the notice provided

6

and failure to assert its rights, despite its opportunity to do so, does not make the judgment entered by this Court void. *See Espinosa*, 559 U.S. at 275 (holding no due process violation where party received actual notice of discharged student loan debt and failed to object to the discharge because party chose not to avail itself of the opportunity to litigate its rights).

On this point, PSI argues it did not have notice prior to the telephone conference that Sanact was requesting entry of judgment or that PSI should be represented by counsel. This argument is unpersuasive. As stated above, the notices PSI received explicitly stated Sanact sought entry of judgment against PSI. The writ of execution notice also informed PSI to contact its lawyer at once. Also, on the telephone conference, the Court informed PSI it should have counsel on the call, but PSI representatives, Matthew and Michael Aiello, chose to proceed without retaining counsel. At that time, PSI had the opportunity to end the telephone conference or continue it until it had retained its lawyer.[3] Finally, at the end of the telephone conference, the Court stated it would be entering judgment in the requested amount. As a result, PSI had notice (1) prior to the telephone conference that Sanact sought entry of judgment, (2) during the telephone conference that it should be represented by counsel, and (3) after the telephone conference that judgment would be entered against it.

---

[3] The parties have continuously asserted the Court held legal argument during the telephone conference. The Court, however, did not hear legal argument on the telephone conference and only sought to determine the discrepancy in the judgment amounts. To the extent any party made "legal arguments," the Court did not consider them when entering judgment.

Insofar as PSI argues the telephone conference was its "opportunity to be heard," and was thus denied this opportunity, the Court disagrees. PSI's opportunity was the period of time after it was served the interrogatories and had notice of its 20-day period to answer the interrogatories, present any exemptions or defenses, and deny liability to US Pipelining. *See Espinosa*, 559 U.S. at 276 (stating party was afforded a full and fair opportunity to litigate where the party received notice and was granted a period of time to object); *see also* Pa. R. Civ. P. 3144 (A response to interrogatories is timely filed if filed within 20 days of service of the interrogatories).

PSI alternatively argues the Court entered judgment without complying with the Pennsylvania Rules of Civil Procedure regarding garnishment proceedings. The record, however, does not show any noncompliance. Judgment execution and garnishment proceedings in the federal courts are governed by the law of the state where the Court is located. *See* Fed. R. Civ. P. 69(a)(1). In Pennsylvania, "after a writ of execution is issued, the judgment holder may serve interrogatories on the garnishee requesting property possessed by him but owned by the judgment debtor." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 655 (3d Cir. 1982) (citing Pa. R. Civ. P. 3144). Upon a garnishee's admission in response to interrogatories, the clerk "shall enter judgment against the garnishee for property of the defendant admitted in the answer to be in garnishee's possession." Pa. R. Civ. P. 3146(b)(1).

After this Court issued the writ of execution against PSI, Sanact served PSI with the interrogatories. PSI filed its response to the interrogatories on September 5, 2019. In response to the first interrogatory asking whether PSI owed any money to US Pipelining, PSI answered, "Yes." *See* Ans. to Interrogs. PSI also stated, "PSI still has an outstanding balance owed [to US Pipelining;] a balance of $522,791.00." *See id.* Although PSI stated US Pipelining owed varying amounts to MTC and another third party, the first statement of its answer unequivocally admits PSI owes money to US Pipelining. Further, PSI's additional statements do not raise any legal or factual issues wherein the Court could construe PSI's answer as "an effective denial of [PSI's] liability" to US Pipelining. *See Mellinger v. Littlefield*, 53 Pa. D. & C.2d 569, 573–75 (Pa. Ct. Comm. Pl. 1971); *Boback v. Ross*, 114 A.3d 1042, 1044 (Pa. Super. Ct. 2015) (stating answers to interrogatories support entry of judgment if there is "a distinct admission of liability *by the garnishee*" (emphasis added)).

8

Upon receiving PSI's admission, the Clerk of Court was prepared to enter judgment against PSI for Sanact's requested amount and did not seek "judicial interpretation" of PSI's answer. *Schewe v. Wagner*, 13 Pa. D. & C.2d 272, 279 (Pa. Ct. Comm. Pl. 1958) (stating judgment may be entered by clerk without intervention of the court when no interpretation of the answer is necessary). The Clerk of Court only sought clarification of the correct *amount* of the judgment, not whether PSI owed money to US Pipelining. Upon establishing the correct amount of the judgment—which at all times was less than the amount PSI admitted owing US Pipelining—the Court entered judgment. This procedure complied with Pennsylvania rules and entry of judgment was proper. *See B & S Assocs. v. Emstar Ambulance Servs.*, No. 00872, 2015 WL 13780408, at *4–5 (Pa. Ct. Comm. Pl. Dec. 10, 2015) (entering judgment in favor of plaintiff based upon garnishee's admission in interrogatories that it held sums owed to the defendant).

In sum, PSI was afforded notice and opportunity to be heard regarding its liability to US Pipelining. The Court complied with Pennsylvania procedure in entering judgment against PSI. Therefore, the judgment against PSI is not void and the Court will deny PSI's motion under Rule 60(b)(4).

Turning to PSI's second ground, PSI asserts it is entitled to relief from judgment because it made procedural errors in answering Sanact's interrogatories without presenting its defenses. PSI also requests to file new answers to interrogatories in which it will state it does not owe any money to US Pipelining. Although PSI claims it made a mistake in answering the interrogatories, its mistake does not warrant relief, nor does it qualify as "excusable neglect" under Rule 60(b)(1).

Rule 60(b)(1) authorizes relief from a judgment for mistake, inadvertence, surprise, or excusable neglect. Generally, parties are responsible for their own mistakes and those made by their attorneys. *See Mullin v. Balicki*, 875 F.3d 140, 154–55 (3d Cir. 2017). "Ignorance of one's

9

legal obligations does not constitute the type of 'mistake' . . . Rule 60(b)(1) excuses." *Mazengo v. Mzengi*, 542 F. Supp. 2d 96, 99 (D.D.C. 2008) (citations omitted).

PSI's argument is premised on its failure to recognize judgment may be entered against it unless it denied liability or presented defenses in its answers to interrogatories. PSI's argument is unpersuasive considering the unequivocal language of the writ of execution notice warning PSI of the judgment and of its interest to retain an attorney for purposes of the writ. *See* Writ of Execution Notice. Due to the clear warnings given to PSI, its choice to answer the interrogatories, submit filings with this Court, and attend the telephone conference without representation of counsel was deliberate—even if mistaken. *See Torockio v. Chamberlain Mfg. Co.*, 56 F.R.D. 82, 87 (W.D. Pa. 1972) (reasoning that even when a party improvidently believed court documents were unimportant, the party's failure to notify attorney of documents was intentional and not excusable), *aff'd*, 474 F.2d 1340 (3d Cir. 1973). The Court therefore does not find PSI's claim of ignorance to be an excusable mistake warranting relief under Rule 60(b)(1). *See Williams v. N.Y. City Dep't of Corrs.*, 219 F.R.D. 78, 84–85 (S.D.N.Y. 2003) (denying Rule 60(b)(1) motion where court's order "explained in very clear language" the consequences of a party's failure to comply).

Although PSI only argues mistake under Rule 60(b)(1), the Court will also address its claim under the "excusable neglect" doctrine. When a district court conducts an "excusable neglect" analysis, it has "a duty of explanation." *See In re Cendant Corp. PRIDES Litig.*, 234 F.3d 166, 171 (3d Cir. 2000). That explanation requires consideration of the circumstances surrounding a party's mistake and balancing of certain factors: prejudice to the non-movant, the length of the delay and the potential impact on judicial proceedings, the reason for the delay or mistake, and the movant's good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).

10

First, Sanact will suffer prejudice should the Court grant PSI's motion. Sanact has sought enforcement of its judgment since July 2018 and will be prejudiced by further delay. The delay will be the result of Sanact defending itself in a litigation regarding a dispute over the impact of the Joint Check Agreement between PSI and MTC—of which it was not involved. *See Murray v. Walgreen Co.*, 470 F. App'x 97, 98 (3d Cir. 2012) (affirming denial of Rule 60(b)(1) motion where non-movant would be prejudiced by defending against claims previously dismissed).

Second, the length of the delay factor is insignificant and weighs in favor of granting relief. In this case, PSI sought relief from judgment eleven days after judgment was entered. Nonetheless, the potential impact on the judicial proceedings should the Court grant relief weighs strongly against doing so.

Granting PSI's relief would have a negative impact on the judicial proceedings, which at this point amount to the registration and enforcement of foreign judgments. At present, this case is not an ongoing litigation—Sanact has received its final judgment and only seeks to enforce that judgment in this District. Granting PSI's request would require the Court to conduct "litigation within litigation" to address the impact of the Joint Check Agreement and the obligations it places on the parties. *See* Pa. R. Civ. P. 3145(a) (providing for garnishment proceedings to mirror those of the normal litigation process to determine a garnishee's liability). PSI, essentially, requests this Court hold a trial to determine whether it has any obligation to US Pipelining or MTC. Considering the Court has only been presented with the interrogatories and answers, proceeding to trial on PSI's claims would require the parties to restart at the pleadings stage, proceed through a period of discovery, submit dispositive motions, and ultimately try the claims. This would inevitably delay Sanact's enforcement of its judgment and require it to participate in litigation of a contract of which

11

it had no part. Requiring Sanact to wait until PSI's claims are brought to a final resolution is not warranted when PSI admitted it owed over $500,000 to US Pipelining.

Even if the Court were persuaded to allow PSI to litigate its claims, the Court doubts its jurisdiction over the claims PSI presents. The parties are all citizens of Pennsylvania and there does not appear to be a federal question presented. Further, the Joint Check Agreement provides that all claims related to it must be brought in the Court of Common Pleas of York County, Pennsylvania or the District Court for the Middle District of Pennsylvania. As a result, vacating the judgment and allowing PSI to litigate its claims against US Pipelining or its obligations to MTC, of which the Court likely does not have jurisdiction, would delay Sanact's enforcement of its judgment and negatively impact on the judicial proceedings. *See Kohl's Dep't Stores, Inc. v. Levco-Route 46 Assocs., L.P.*, 121 F. App'x 971, 974 (3d Cir. 2005) (holding reopening case would negatively impact judicial proceedings when there would be serious delays at the current stage of litigation).

Third, the reason for the mistake or delay weighs against granting PSI's relief. PSI's mistake was due to its belief that it did not need to contact its attorney regarding the writ of execution, the interrogatories, or the telephone conference with the Court. Although PSI had notice of the entry of judgment and the need to contact its attorney, PSI representatives chose not to do so. PSI, acting through its representatives Matthew and Michael Aiello, was in exclusive control over its mistake and neglect. *See Murray*, 470 F. App'x at 98-99 (affirming denial of Rule 60(b)(1) motion where movant was in "exclusive control" of the mistake or delay). PSI knew it faced judgment and should contact its attorney, yet chose to respond to the interrogatories and admit liability to US Pipelining. The reason for mistake weighs against granting PSI's requested relief. *See Kohl's Dep't Stores, Inc.*, 121 F. App'x at 976 (finding irrelevant that movant had a mistaken

belief of the consequences of doing nothing, even though the movant had knowledge of crucial deadlines and made "knowledgeable decisions").

Finally, whether PSI acts in good faith is neutral. Initially, PSI did not intentionally delay any part of these garnishment proceedings or fail to meet certain deadlines. This suggests PSI only acts in good faith in bringing this motion. However, to the extent PSI continues to argue it was unaware of its need to contact its lawyer to assist it with the writ of execution and the answers to interrogatories, PSI's arguments are disingenuous. The writ of execution notice was explicit. On the telephone conference, the Court informed PSI that it should have its attorney represent it, but PSI nonetheless consented to proceed without representation. Considering these facts, PSI does not act in good faith because it appears PSI "made a strategic decision in declining" to retain counsel to protect its interests against the judgment and now seeks to avoid the consequences. *Murray*, 470 F. App'x at 99. The Court thus finds the final factor of PSI's good faith neutral. The relevant factors to finding "excusable neglect" therefore weigh against granting PSI's requested relief from judgment under Rule 60(b)(1).

In any event, even considering PSI's alleged defense, the Court is not convinced it warrants vacating the judgment. Specifically, PSI argues any amounts it owes to US Pipelining must be set off by the amount both US Pipelining and PSI owe MTC pursuant to a Joint Check Agreement. According to PSI, the amount it owes to US Pipelining, $522,791.00, must be reduced by $323,086.00, the amount owed to MTC under the Joint Check Agreement. Assuming this is true, there are sufficient funds for PSI to pay both the judgment and the amounts owed to MTC. As admitted in the interrogatories, PSI owes $522,791.00 to US Pipelining. If part of that debt, $323,086.00, is supposed to be paid to MTC, then PSI would still owe US Pipelining $199,795.00.

13

The judgment against PSI is only $197,133.82. PSI thus owes enough money to US Pipelining to satisfy all of the interested parties.[4] The Court will thus deny PSI's motion under Rule 60(b)(1).[5]

**CONCLUSION**

In conclusion, PSI was afforded notice and opportunity to be heard regarding Sanact's judgment against it and PSI's mistakes in answering the interrogatories do not provide a basis to vacate the judgment. Accordingly, PSI has not established a basis for relief from judgment pursuant to Rule 60(b) and the Court will deny PSI's motion.

An appropriate Order follows.

---

[4] The Court assumes the Joint Check Agreement requires PSI to pay MTC $323,791.00, and does not opine on the operation of that contract or the obligations it places on the parties.

[5] PSI also argues its uncounseled answers to interrogatories are "void" under the principle that a corporation can only appear in court through counsel. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993). PSI argues the answers to interrogatories are a "pleading" in the garnishment proceeding and must be signed by counsel to be valid. Requiring a lawyer to sign all answers to interrogatories in the garnishment context would be impractical, and renders all garnishments based on uncounseled answers void. *See* Pa. R. Civ. P. 3145(a) ("The procedure between the plaintiff and the garnishee shall, *as far as practicable*, be the same as though the interrogatories were a complaint and the answer of the garnishee were an answer in a civil action." (emphasis added)). Moreover, business entities regularly file answers to interrogatories in the context of garnishment proceedings without counsel. *See, e.g., Rankin v. Culver*, 154 A. 701, 702 (Pa. 1931) (affirming judgment against garnishee-partnership where the manager of the partnership answered interrogatories on behalf of himself and the partnership); Santander Ans. to Interrogs. 1, ECF No. 8 (non-lawyer completed and signed Santander's Answers to Interrogatories). Therefore, PSI's answers are not "void" for failure to have its lawyer's signature. *Cf. Brand v. NCC Corp.*, 540 F. Supp. 562, 564 (E.D. Pa. 1982) (noting the court informed corporation to retain an attorney but corporation's decision to file answers to interrogatories was a strategic decision). *But cf. Dee Paper Co. v. Loos*, No. 15-1513, 2016 WL 773226, at *5 (E.D. Pa. Feb. 29, 2016) (declining to construe corporation's uncounseled answers to garnishment interrogatories as appropriate responses).

BY THE COURT:

Juan R. Sánchez, C.J.